# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **JIMMY L. TAYLOR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:25-CV-00361-CAR-CHW** |
| | : | |
| **HOUSTON COUNTY, GA.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## DISMISSAL ORDER

*Pro se* Plaintiff Jimmy L. Taylor, a prisoner incarcerated at Wheeler Correctional Facility in Alamo, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee. Therefore, the Court reasons Plaintiff also seeks leave to proceed *in forma pauperis*. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED** for the reasons set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*:

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that more than three of Plaintiff's previous complaints or appeals have been dismissed as frivolous and/or for failure to state a claim prior to the initiation of this civil action. *See, e.g., Taylor v. Talton*, Case No. 5:24-cv-429-TES-ALS (M.D. Ga. July 3, 2025) (dismissed for failure to state a claim); *Taylor v. Fletcher*, Case No. 5:24-cv-434-CAR-CHW (M.D. Ga. Mar. 21, 2025) (same); *Taylor v. Allen*, Case No. 5:24-cv-435-MTT-CHW (M.D. Ga. Apr. 6, 2025) (same); *Taylor v. Gomez*, Case No. 5:24-cv-436-MTT-CHW (M.D. Ga. Apr. 8, 2025) (dismissed for failure to obey a court order, for failure to state a claim, and as frivolous).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis*

unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). "[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Id*. (citation omitted). Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted).  "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023).

Here, Plaintiff is currently a prisoner at Wheeler Correctional Facility.  *See* ECF No. 1 at 23.  However, Plaintiff's claims arise from his previous incarceration in the Houston County jail during some unspecified time period.  *Id*. at 2-22.  As previously mentioned, a plaintiff "must show he is in imminent danger 'at the time that he seeks to

file his suit in district court'" to satisfy the "imminent danger" exception. *Daker v. Ward*, 999 F.3d at 1310-11 (quoting *Medberry*, 185 F.3d at 1192-93); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Here, because Plaintiff's claims arise from his previous incarceration in a jail where he is no longer incarcerated, Plaintiff does not show that he meets the imminent danger exception to § 1915(g) and his complaint is subject to dismissal. *See e.g.*, *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016) (affirming district court's dismissal of complaint pursuant to § 1915(g) because plaintiff failed to successfully plead that he was in imminent danger when the allegations of harm occurred months before at a prison where he was no longer incarcerated.); *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (per curiam) (holding that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception"); *Jacoby v. Young*, 838 F. App'x 508, 510 (11th Cir. 2021) (finding that the fact that Plaintiff was no longer incarcerated at the facility from which his claims arose "forecloses a conclusion that [plaintiff] is in imminent danger" from the defendants located at the former facility).

Accordingly, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and this complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

**SO ORDERED,** this 3rd day of September, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that the filing fee must be paid at the time the suit is initiated. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee. *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).